**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**


**JAMES R. MINEER, JR.,**

       **Petitioner,**

**v.**                                  **Civil Action No. 2:07cv36**
                                          **(Judge Maxwell)**

**TERESA WAID, Warden,**

       **Respondent.**

**OPINION/REPORT AND RECOMMENDATION ON**
**THE RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

On April 30, 2007, the petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. After payment of the required filing fee, the undersigned conducted a preliminary review of the file and determined that summary dismissal was not warranted at that time. Accordingly, the respondent was directed to show cause why the petition should not be granted. On August 15, 2007, the respondent filed an Answer and a Motion for Summary Judgment.

On August 21, 2007, the Court issued a <u>Roseboro</u> Notice in which the *pro se* petitioner was advised on his right to file a response to the respondent's motion for summary judgment. On August 31, 2007, the petitioner requested additional time to file his reply. The petitioner's motion was granted on September 6, 2007, and the petitioner had until October 22, 2007, to timely file a reply to the respondent's motion. As of the date of this opinion, the petitioner has failed to file a reply. Accordingly, this case is before the undersigned for a report and recommendation on the respondent's motion for summary judgment.

**I.**   **Procedural History**

A. **Petitioner's Conviction and Sentence**

The petitioner was indicted in the Circuit Court of Cabell County, West Virginia, on one count of uttering and one count of forgery. On March 19, 2004, the petitioner entered a guilty plea to both charges. On August 6, 2004, the petitioner was sentenced to one to ten years for each count, to run consecutively, for an aggregate sentence of two to ten years. The petitioner's Cabell County sentences were also ordered to run consecutive with a one to ten year sentence imposed by the Circuit Court of Wayne County, West Virginia.[1] On May 23, 2005, the petitioner filed a motion for reduction of sentence. After a hearing on the matter, the petitioner's motion was denied on May 27, 2005.

B. **Direct Appeal**

On December 27, 2005, the petitioner appealed his conviction and sentence to the West Virginia Supreme Court of Appeals ("WVSCA"). In his appeal, the petitioner stated the following assignments of error:

(1) the court abused its discretion by not reducing the petitioner's sentence given the extraordinary length of the sentences and the petitioner's positive progress;

(2) the court erred when it allowed the prosecuting attorney to testify as to the sentence recommendation of Judge Ferguson, a judge who did not preside over the petitioner's case.

The petitioner's appeal was refused by the WVSCA on March 14, 2006.

C. **Petitioner's State Habeas Petition**

---

[1] Petitioner was convicted of a similar charge in the Circuit Court of Wayne County, prior to his Cabell County convictions. See Motion for Summary Judgment (dckt. 13) at Ex. 4 (Petitioner's Motion for Reduction of Sentence). The petitioner's Wayne County conviction produced a one to ten year sentence. Id. The petitioner asserts that all of the offenses were the result of a single spree during a short time span. Id.

The petitioner filed a *pro se* state habeas petition with the Circuit Court of Cabell County, on May 11, 2006. The petitioner's state habeas petition was denied on June 6, 2006, and he appealed that decision. Id. On appeal to the WVSCA, the petitioner asserted the following grounds for relief:

(1) the court erred when it allowed the Assistant Prosecuting Attorney to testify as to the sentence recommendation of Judge Ferguson, a judge who did not preside over the petitioner's case;

(2) the petitioner was denied effective assistance of counsel;

(3) the court abused its discretion by not reducing the petitioner's sentences given the extraordinary length of the sentences along with the petitioner's positive progress;

(4) the petitioner did not have the capacity to enter into a plea agreement, commit the alleged crimes, or participate in his defense;

(5) the court erred in accepting the petitioner's guilty plea because he was incompetent and the court's procedure to determine the petitioner's competency was inadequate; and

(6) the petitioner plea was involuntary and unfulfilled.

The petitioner's appeal was refused on February 15, 2007.

## D. Petitioner's Federal Habeas Petition

In his federal habeas petition, the petitioner asserts the following grounds for relief:

(1) the court erred when it allowed the Assistant Prosecuting Attorney to testify as to the sentence recommendation of Judge Ferguson, a judge who did not preside over the petitioner's case;

(2) the petitioner was denied effective assistance of counsel when,

(a) counsel failed to adequately object to the Assistant Prosecutor testifying on behalf of Judge Ferguson, especially when the State had agreed to stand silent,

(b) counsel failed to appeal the sentencing order, told petitioner that it would not do him any good appeal and also told the petitioner to wait a year and then schedule a motion for reconsideration hearing,

(c) counsel failed to object to the Wayne and Cabell County sentences running consecutively when a perceived deal had already been negotiated to run the sentences concurrently,

(d) counsel failed to adequately investigate the case;

(3) the court abused its discretion by not reducing the petitioner's sentences given the extraordinary length of the sentences along with the petitioner's positive progress;

(4) the petitioner did not have the capacity to enter into a plea agreement, commit the alleged crimes, or participate in his defense;

(5) the court erred in accepting the petitioner's guilty plea because he was incompetent and the court's procedure to determine the petitioner's competency was inadequate; and

(6) the petitioner's plea was involuntary and unfulfilled.

## E. **Respondents' Contentions**

In the answer, the respondent concedes that the petition was timely filed and that the petitioner has exhausted all available state court remedies. In addition, the respondent generally denies that any violation of the petitioner's constitutional rights occurred. In the motion for summary judgment, the respondent argues that the petitioner has failed to state a federal constitutional claim.

## III. **Standards of Review**

## A. **Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977). So too has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir 1987). Such evidence must consist of facts which are material, meaning that the facts might affect the outcome of the suit under applicable law, as well as genuine, meaning that they create fair doubt rather then encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587-588 (1986).

**B.  Federal Habeas Review Under 28 U.S.C. § 2254**

Notwithstanding the standards which govern the granting of a motion for summary judgment, the provisions of 28 U.S.C. § 2254 must be examined to determine whether habeas relief is proper. Title 28 U.S.C. § 2254 requires a district court to entertain a petition for habeas corpus relief from a prisoner in State custody, but "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Regardless, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). However, the federal court may not grant habeas relief unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1) and (2); see also Williams v. Taylor, 529 U.S. 362 (2000).

The Fourth Circuit Court of Appeals has determined that "the phrase 'adjudication on the merits' in section 2254(d) excludes only claims that were not raised in state court, and not claims that were decided in state court, albeit in a summary fashion." Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir. 1999). When a state court summarily rejects a claim and does not set forth its reasoning, the federal court independently reviews the record and clearly established Supreme Court law. Bell v. Jarvis, 236 F.3d 149 (4th Cir.), cert. denied, 524 U.S. 830 (2001)(quoting Bacon v. Lee, 225 F.3d 470, 478 (4th Cir. 2000)). However, the court must still "confine [it's] review to whether the court's determination 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Id.

at 158.

A federal habeas court may grant relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently that this Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. A federal court may grant a habeas writ under the "unreasonable application" clause, "if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. "An unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410.

When a petitioner challenges the factual determination made by a state court, "federal habeas relief is available only if the state court's decision to deny post-conviction relief was 'based on an unreasonable determination of the facts.'" 28 U.S. C. § 2254(d)(2). "In reviewing a state court's ruling on post-conviction relief, we are mindful that 'a determination on a factual issue made by a State court shall be presumed correct,' and the burden is on the petitioner to rebut this presumption 'by clear and convincing evidence.'" Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003).

However, habeas corpus relief is not warranted unless the constitutional trial error had a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); Richmond v. Polk, 375 F.3d 309 (4th Cir. 2004). "Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" Brecht, supra.

Here, the petitioner's claims were properly presented to the courts of the State. See dckt. 13

at Ex. 6. However, the petitioner's state habeas petition was denied without written opinion, <u>id.</u>, as was his appeal to the WVSCA. <u>Id.</u> Ex. 7. Thus, while the grounds raised in the instant petition have been properly exhausted in state court, and the findings of the State court must be given appropriate deference, this court is unable to review the reasoning behind the State court's decision. Consequently, this Court must give the grounds raised in the petitioner's federal habeas petition, a fresh review on the merits.

### IV. <u>Analysis</u>

Although *pro se* petitions are to be liberally construed as set forth in <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), habeas petitions must meet heightened pleading requirements. <u>McFarland v. Scott</u>, 512 U.S. 849 (1994). "[N]otice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." <u>Blackledge v. Allison</u>, 431 at 75, n. 7 (internal quotations omitted). A habeas petitioner must come forth with evidence that a claim has merit. <u>Nickerson v. Lee</u>, 971 F. 2d 1125, 1136 (4th Cir. 1992), <u>cert. denied</u>, 507 U.S. 923 (1993). Unsupported, conclusory allegations do not entitle a habeas petitioner to relief. <u>Id.</u>

### A. <u>Ground One</u>

In ground one, the petitioner asserts that the court erred when it allowed the Assistant Prosecuting Attorney to testify as to the sentencing recommendation of Judge Ferguson, a judge who had previously recused himself from the petitioner's case. In support of this ground, the petitioner asserts that at a hearing on his motion for sentence reduction, the assistant prosecuting attorney stated:

> Judge Ferguson has expressed some reservation about you changing the sentence. Mr. McCann spoke with him yesterday about this matter. He asked that we just express to the court that he would have opposition to any change of sentence.

<u>See</u> Petition (dckt. 1), Att. A (Petitioner's Memorandum) at 4.

In support of his claim, the petitioner cites <u>United States v. Frankenthal</u>, 582 F.2d (7th Cir. 1978) and <u>United States v. Roth</u>, 332 F.Supp.2d 565 (2d. Cir. 2004), which find that a Judge "may not be compelled to testify regarding his mental processes," but that in limited circumstances, a judge may give factual testimony if it is "so essential that the general prohibition against judicial testimony is compromised." <u>See</u> Petitioner's Memorandum at 5. Although the petitioner acknowledges that <u>Frankenthal</u> and <u>Roth</u> are merely persuasive authority in this circuit, the petitioner argues that this Court should adopt the reasoning in those cases in the absence of any controlling circuit precedent. <u>Id.</u> at 5-6. Therefore, the petitioner asserts that the Court should find that a judge may only be required to testify when he "(1) possesses factual knowledge, (2) that knowledge is highly pertinent to the jury's task, and (3) is the only possible source of testimony on the relevant factual information." <u>Id.</u> at 6.

What the petitioner fails to consider though, is that even if this Court could apply the reasoning in <u>Frankenthal</u> and <u>Roth</u> to his case, those cases are not on point with the issue in ground one of the instant petition. Here, Judge Ferguson was not asked to testify, nor was he otherwise required to testify. The state prosecutor merely consulted Judge Ferguson about the possibility of petitioners' sentence reduction and Judge Ferguson expressed an opinion. That opinion was later relayed to the judge considering the petitioner's motion. Moreover, however improper it was for the state prosecutor to testify as to Judge Ferguson's opinion, it does not appear as if that information was given any weight by the judge considering the petitioner's motion for reduction of sentence. In denying the petitioner's motion, the state court found:

> I think the fact that he's doing great shows that I did the right thing.

> I don't know why I would change it. For the first time in his life he's doing great. So, I'm not inclined to change it at all. I'll deny you at this time.[2]

Motion for Summary Judgment (dckt. 13) Ex. 4 (transcript of motion hearing) at 5-6.

Accordingly, in the absence of any governing federal law or Supreme Court decision, the decision of the State court did not result in a decision that is contrary to or an unreasonable application of clearly established federal law. In addition, in light of the evidence presented in the state court proceedings, the decision of the state court was not an unreasonable determination of the facts.[3] Instead, it appears that whether the admittance of the indirect testimony of Judge Ferguson was an abuse of discretion is governed by State law. As properly noted by the respondent, such an issue is merely an attempt to re-litigate the legal decisions made by the trial judge and fails to rise to the level of constitutional dimension. Respondent's Memorandum (dckt. 14) at 11. Thus, federal review of that decision is inappropriate. See 28 U.S.C. § 2254(a) ("a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or law or treatises of the United States")(emphasis added); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (it is not the province of a federal habeas court to "reexamine state-court determinations on state-law questions"); Weeks v. Angelone, 176 F.3d 249, 262 (4th Cir. 1999) (questions of state laws and

---

[2] In his motion, the petitioner argued that since his incarceration, he has taken advantage of every service, class and other programs available to him at the Regional Jail. Moreover, the petitioner argued that he had admitted his guilt and was not asking for release, merely to run his sentences concurrent, so he would be eligible for parole at an earlier date. In addition, the petitioner argued that his good behavior and quest to better himself has shown that he can be a positive and productive member of society.

[3] Nonetheless, even if the admittance of Judge Ferguson's opinion was improper, the petitioner has failed to show that Judge Ferguson's opinion had any effect on his proceedings, let alone an injurious or prejudicial effect.

statutes are not cognizable on federal habeas review).

Accordingly, upon an independent review of ground one, the undersigned finds that the decision of the State court did not result in a decision that is contrary to or an unreasonable application of clearly established federal law. In addition, in light of the evidence presented in the state court proceedings, the decision of the state court was not an unreasonable determination of the facts. Thus, ground one should be denied.

**B.   Ground Two**

In ground two, the petitioner asserts that he was denied his right to effective assistance of counsel. With regard to ineffective assistance of counsel claims, counsel's conduct is measured under the two part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, a petitioner must show that counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing the reasonableness of counsel's performance, "judicial scrutiny must be highly deferential." Id. at 689-90. Second, if the Court finds that counsel's performance was unreasonable, the petitioner must then demonstrate that he was prejudiced. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is one that is "sufficient to undermine confidence in the outcome." Id.

1.   Failure to Object to Prosecutor Testifying on Behalf of Judge Ferguson

In support of this claim, the petitioner asserts that the State had agreed to stand silent at his sentencing. Nonetheless, the petitioner concedes that the Court did stand silent at his original sentencing procedure. See Petitioner's Memorandum (dckt. 1-3) at 1-2. The petitioner complains

11

that counsel did not object when the State failed to stand silent at his motion for sentence reduction hearing. However, the petitioner does not assert any agreement on the part of the State to stand silent should he seek a sentence reduction. Any agreement to stand silent, whether real or perceived, was fulfilled by the State at the sentencing proceeding. Therefore, there were no grounds for objection when the State opposed the petitioner's motion for sentence reduction. Counsel could not then, be ineffective for failing to object.

2. Failing to Appeal Sentencing Order

In support of this claim, the petitioner asserts that counsel told him that an appeal would do no good and that he should instead wait a year and schedule a motion for reconsideration hearing.

The right of effective assistance of counsel exists only where the right to counsel exists in the first place. Wainwright v. Torna, 455 U.S. 586, 587-88 (1982). The Supreme Court has found that the right to counsel extends only to the first appeal as of right. Evitts, v. Lucey, 469 U.S. 387, 394 (1985). In this case it appears that counsel appealed the denial of the petitioner's motion for sentence reduction, but not a direct appeal of his original judgment order. However, although the petitioner asserts that a direct appeal was discussed, the petitioner does not assert that he ever requested counsel file an appeal. Thus, counsel could not be ineffective for failing to do so. See Roe v. Flores-Ortega, 528 U.S. 470 (2000) ("[i]f counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal").

3. Failing to Object to Wayne and Cabell Cases Being Imposed Consecutively

In support of this claim, the petitioner asserts that his plea agreement contained a perceived

12

deal that his Wayne County and Cabell County sentences would run concurrently. Therefore, counsel should have objected when his Cabell County sentences were run concurrent with his Wayne County sentence.

Here, the perceived deal was that the State would stand silent as the petitioner's sentencing. This the State did. The Court was still free to sentence the petitioner to consecutive, rather than concurrent terms. Moreover, even if counsel should have objected, the Court can find no prejudice. The Court was later given the option to run the petitioner's sentences concurrently when the petitioner filed a motion for sentence reduction. The court failed to do so.

    4.   Failing to Adequately Investigate the Case

In support of this claim, the petitioner merely asserts that evidence existed to exculpate him and that the State refused to prosecute others allegedly involved in the crimes. Without more, this is simply insufficient to state a claim of ineffective assistance of counsel. The petitioner does not assert what evidence existed to exculpate him, or how counsel was ineffective for failing to discover this evidence. Moreover, the undersigned fails to see how the fact that the State refused to prosecute others is evidence that counsel failed to properly investigate his case. Such barebones allegations are simply not enough to establish a Sixth Amendment violation. See Nickerson v. Lee, supra.

Accordingly, upon an independent review of the petitioner's ineffective assistance of counsel claims, the undersigned finds that the decision of the State court did not result in a decision that is contrary to or an unreasonable application of clearly established federal law. In addition, in light of the evidence presented in the state court proceedings, the decision of the state court was not an unreasonable determination of the facts. Thus, ground two should be denied.

**C.  Ground Three**

In ground three, the petitioner asserts that the Court abused its discretion by not reducing his sentence given the extraordinary length of the sentences along with the petitioner's positive progress. In support of this ground, the petitioner asserts that at a minimum, he will be incarcerated until June 14, 2019. Considering his crimes, forgery and uttering, the petitioner asserts that the sentence imposed is extraordinary in length and constitutes a miscarriage of justice.

The Eighth Amendment to the United States Constitution declares that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The Eighth Amendment applies to the States through the Fourteenth Amendment. See Wilson v. Seiter, 501 U.S. 294, 296-97 (1991). In Solem v. Helm, 463 U.S. 277, 284 (1983), the Supreme Court recognized that although the Eighth Amendment does not explicitly contain a proportionality guarantee, the phrase "nor cruel and unusual punishment" implicitly requires that a criminal sentence be proportionate to the crime of conviction. Id. at 290. Thus, in reviewing a sentence under the Eighth Amendment, the court should consider (1) the gravity of the offense and the harshness of the penalty; (2) the sentence imposed on other criminal in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. Id. at 292.

However, the decision in Solem has been called into doubt by the Supreme Court's later decision in Harmelin v. Michigan, 501 U.S. 957 (1991) ("We conclude from this examination that Solem was simply wrong; the Eighth Amendment contains no proportionality guarantee.") (Scalia, J. & Rehnquist, C.J.).[4] That being the case, the Fourth Circuit has determined that Solem requires

_____

[4] Although Harmelin appears to specifically reject Solem, because of the unharmonious decision-making in Harmelin, most courts appear to believe that Solem is merely called into doubt. In Harmelin, Justice Scalia announced the judgment of the Court and delivered the opinion of the court with respect to Part IV, in which Chief Justice Rehnquist, Justice O'Connor, Justice Kennedy and Justice Souter joined, and an opinion with respect to Parts I, II, and II, in which the Chief Justice joined. Justice Kennedy filed an opinion concurring in part and concurring in the judgment in which Justices O'Connor and Souter

a proportionality analysis only in cases involving a life sentence without the possibility of parole. See United States v. Kratsas, 45 F.3d 63, 67 (1995) (citing United States v. D'Anjou, 16 F.3d 604 (4th Cir. 1994)). Moreover, the Supreme Court has stated that a sentence imposed within the statutory limits is not generally subject to habeas review. See Townsend v. Burke, 334 U.S. 736, 741 (1948). According to the West Virginia Code, a person convicted of forgery and uttering shall be sentenced to not less than one year nor more than ten years. See W.Va. Code § 61-4-5(a).

In this case, even if it is proper to review the proportionality of the petitioner's sentence, the petitioner fails to meet the requirements of Solem. The petitioner has not shown that his sentence is particularly harsh. In fact, the petitioner's sentence is within the statutory limits. In addition, the petitioner has failed to establish that any gross disparity exists in the sentencing for this offense within West Virginia or as compared to other jurisdictions.

Accordingly, upon an independent review of ground three, the undersigned finds that the decision of the State court did not result in a decision that is contrary to or an unreasonable application of clearly established federal law. In addition, in light of the evidence presented in the state court proceedings, the decision of the state court was not an unreasonable determination of the facts. Thus, ground three should be denied.

**D.  Ground Four**

In ground four, the petitioner asserts that he did not have the capacity to enter into a plea agreement, commit the alleged crimes or to adequately participate in his defense. In support of this ground, the petitioner asserts that he was incapacitated at the time of the alleged crime and at the

---

joined. Justice White filed a dissenting opinion in which Justices Blackmun and Stevens joined. Justice Marshall filed a dissenting opinion. Finally, Justice Stevens filed a dissenting opinion in which Justice Blackmun joined.

time of his plea hearing due to substance abuse issues for which he was seeking professional assistance.

The standard of competency for entering a guilty plea is to determine whether the defendant had sufficient ability to consult with his attorney and a rational and factual understanding of the proceeding against him. Godinez v. Moran, 509 U.S. 389, 399 (1993); Dusky v. United States, 362 U.S. 402 (1960). Moreover, "[t]he representations of the defendant [at the plea hearing], as well as any findings by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. at 73-74.

Here, the petitioner has failed to provide any evidence that shows he was incompetent at the time of the plea hearing, or any other time. To the contrary, the transcripts from the petitioner's plea hearing show that the petitioner clearly knew what he was doing when he entered the plea and that he understood the nature and consequences of his actions.[5] Indeed, the petitioner specifically told

---

[5] At his plea hearing, the petitioner was asked whether he was "under the influence of any alcohol, drugs or any other mental defect or disability." See dckt. 13 at Ex. 2 (plea hearing transcripts) at 5. The petitioner replied that he was not. Id. Further, the petitioner confirmed that he could read and write and that he had a full understanding of the plea agreement. Id. at 4,5. Moreover, the petitioner acknowledged that he completed the questionnaire which accompanied the plea agreement with the help of counsel and that the answers therein were truthful. Id. at 5, 8. The court also asked petitioner's counsel whether he believed if the petitioner understood the implications of entering a plea and the petitioner's counsel said that he did. Id. at 8-9. Additionally, counsel was asked if he believed the petitioner was being coerced into making the plea or if the petitioner was under the influence of any alcohol, drugs or any mental defect or disability. Id. at 9. Counsel stated that he did not believe so and further stated that the petitioner's decision to enter the plea was rational. Id. With this information, the Court found that the petitioner "knowingly and intelligently waived his rights with the adequate assistance of counsel" and that the petitioner did so without coercion or under the influence of any alcohol, drugs or any other mental defect of disability which would have impaired the petitioner's ability to freely and voluntarily enter his plea. Id. at 10.

the court that he was not under the influence of any drugs, alcohol, or mental disability at the time of the plea. The petitioner also confirmed that he was able to consult with counsel and that he understood the consequences of his plea. There is simply no reason for the Court to disbelieve the petitioner's own sworn statements at his plea hearing. Furthermore, even assuming that there is an intent element in the charged crimes for which capacity would have been a defense,[6] the petitioner waived that defense when he knowingly and voluntarily entered his plea of guilty.

Accordingly, upon an independent review of ground four, the undersigned finds that the decision of the State court did not result in a decision that is contrary to or an unreasonable application of clearly established federal law. In addition, in light of the evidence presented in the state court proceedings, the decision of the state court was not an unreasonable determination of the facts. Thus, ground four should be denied.

## E.   Ground Five

In ground five, the petitioner asserts that the trial court erred in accepting his guilty plea because was incompetent and the court's procedure to determine his competency was inadequate. In support of this claim, the petitioner asserts that the court did not employ an adequate procedure to determine his competency, despite the court's knowledge of his substance abuse problems. In fact, the petitioner asserts that the only procedure the court used was to question the petitioner and his counsel as to the petitioner's competency.

As noted by the respondent, "[a] determination of competence is a factual finding, to which

---

[6] See W.Va. Code § 61-4-5(a) ("[i]f any person forges any writing, other than such as is mentioned in the first and third sections of this article, to the prejudice of another's right, or utter or attempt to employ as true such forged writing, *knowing it to be forged*, he shall be guilty of a felony and, upon conviction, shall be confined in the penitentiary not less than one nor more than ten years, or, in the discretion of the court, be confined in jail not more than one year and be fined not exceeding five hundred dollars").

deference must be paid." <u>Filaggi v. Bagley</u>, 445 F.3d 851, 858 (6th Cir. 2006) (citing <u>Thompson v. Keohane</u>, 516 U.S. 99, 110-11 (1995)). Moreover, under the AEDPA, a state court's factual determinations are presumed correct unless rebutted by clear and convincing evidence. <u>Woodford v. Garceau</u>, 538 U.S. 202, 207 (2003).

Here, the petitioner has failed to provide clear and convincing evidence that the state court's competency finding was improperly or incorrectly determined. At the plea hearing, the petitioner stated, under oath, that he was not under the influence of drugs or alcohol and that he had no mental disability at that time. The State court rightly relied on the petitioner's own sworn statements to determine his competency to plead guilty. The fact that the petitioner had past substance abuse problems, for which he had received professional help, was largely irrelevant to the petitioner's competency at the time of the plea hearing. The petitioner simply fails to provide any reason why the State court should not have relied on the petitioner's sworn statements to determine the his competency to plead guilty. Thus, the undersigned finds no evidence to rebut the presumption that the State court's factual finding as to the petitioner's competency was correct.

Accordingly, upon an independent review of ground five, the undersigned finds that the decision of the State court did not result in a decision that is contrary to or an unreasonable application of clearly established federal law. In addition, in light of the evidence presented in the state court proceedings, the decision of the state court was not an unreasonable determination of the facts. Thus, ground five should be denied.

**F.   Ground Six**

In ground six, the petitioner asserts that his plea bargain was involuntary and unfulfilled. In support of this ground, the petitioner asserts that the terms of his plea bargain, as made known

to him by his attorney, did not occur. The petitioner asserts that counsel advised him that his Cabell County and Wayne County sentences would run concurrent, when in fact, they were imposed consecutively.

As already established, the petitioner's plea in this case was knowingly, intelligently, and voluntarily entered. The petitioner has provided no evidence that there was any agreement between the parties regarding the consecutive or concurrent nature of his sentences. In point of fact, at the petitioner's plea hearing, the Court specifically asked the parties to explain the nature of the agreement. The prosecution stated:

> You honor, he will be pleading to the entire indictment, Count I being an uttering and Count II being a forgery. We will leave sentencing to the court after a PSI. And the State has agreed not to pursue any other forgery and uttering of charges that could result from the Ransbottoms' checks. They were the victim [sic] in this case. In Cabell County.

See Plea Transcripts at 3-4. Moreover, the Court asked the petitioner if this was his full and complete understanding of the plea agreement to which the petitioner affirmatively replied. Id. at 4.

Accordingly, upon an independent review of ground six, the undersigned finds that the decision of the State court did not result in a decision that is contrary to or an unreasonable application of clearly established federal law. In addition, in light of the evidence presented in the state court proceedings, the decision of the state court was not an unreasonable determination of the facts. Thus, ground six should be denied.

## V. Recommendation

For the reasons set forth in this opinion, it is recommended that the respondent's Motion for Summary Judgment (dckt. 13) be **GRANTED** and the petitioner's § 2254 petition be **DENIED** and

**DISMISSED WITH PREJUDICE**.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to counsel of record via electronic means.

Dated: January 4, 2008.

*John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE